# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| CENTRIC PIPE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>U.S. OCTG MANUFACTURERS ASSOCIATION,<br><br>Defendant-Intervenor. | Court No. 25-00182 |
| LE COMMODITIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>U.S. OCTG MANUFACTURERS ASSOCIATION,<br><br>Defendant-Intervenor. | Court No. 25-00181 |

TREK METALS INC,

       Plaintiff,

v.

UNITED STATES,

       Defendant,

       and

U.S. OCTG MANUFACTURERS ASSOCIATION,

       Defendant-Intervenor.

Court No. 25-00183

---

ENERGY PIPE & EQUIPMENT RENTALS, LLC,

       Plaintiff,

v.

UNITED STATES,

       Defendant,

       and

U.S. OCTG MANUFACTURERS ASSOCIATION,

       Defendant-Intervenor.

Court No. 25-00184

---

KANA ENERGY SERVICES, INC,

       Plaintiff,

v.

UNITED STATES,

       Defendant,

       and

U.S. OCTG MANUFACTURERS ASSOCIATION,

       Defendant-Intervenor.

Court No. 25-00186

### DEFENDANT'S MOTION TO CONSOLIDATE CASES

Pursuant to Rules 7 and 42(a) of the Rules of the United States Court of International Trade (USCIT R.), defendant, the United States, respectfully requests that the Court consolidate the following cases: *LE Commodities, LLC v. United States,* No. 25-181 (Ct. Int'l Trade) (*LE Commodities*), *Trek Metals, Inc. v. United States,* No. 25-183 (Ct. Int'l Trade) (*Trek Metals*), *Energy Pipe & Equipment Rentals, LLC v. United States,* No. 25-184 (Ct. Int'l Trade) (*Energy Pipe*), *Kana Energy Servs., Inc. v. United States,* No. 25-186 (Ct. Int'l Trade) (*Kana*) under lead case *Centric Pipe LLC, v. United States,* No. 25-182 (Ct. No. 25-182) (*Centric Pipe*).  We have conferred with counsel for plaintiffs Centric Pipe, LE Commodities, Trek Metals, Inc., Energy Pipe, Kana, and defendant-intervenor U.S. OCTG Manufacturers Association (U.S. OCTG) regarding this request.  Plaintiffs and defendant-intervenor all consent to this request for consolidation.

Rule 42(a) provides that when actions involving "a common question of law or fact" are pending before the Court, the Court may order all the actions consolidated and may issue any other orders to avoid unnecessary costs or delay.  *See* USCIT R. 42(a).  "Generally speaking, consolidation is appropriate if there are common questions of law or fact, if it will promote economy of resources, and if it will avoid inconsistent results, inconvenience, unnecessary expense, or delay." *United States v. Sweet Little Mexico Corp.*, 35 CIT 353, 355 (2011) (citing *Brother Industries, Ltd. v. United States*, 1 CIT 102 (1980); *H.E. Lauffer Co., Inc. v. United States*, 81 Cust. Ct. 165, C.R.D. 78–16 (1978).  "On the other hand, consolidation is not appropriate where a party would be prejudiced thereby, . . . or where the number of dissimilar issues outweigh those in common, . . . or where consolidation carries the 'potential for an unwieldy or chaotic proceeding[.]" *Sweet Little Mexico Corp.*, 35 CIT at 355 (quoting *John S.*

*Conner, Inc. v. United States*, 69 Cust. Ct. 305, C.R.D. 72–18 (1972), and citing, *e.g.*, *Federal–Mogul Corp. v. United States*, 788 F. Supp. 1223 (1992)).  Applying this rule, the five cases involving *Centric Pipe, LE Commodities, Energy Pipe, Trek Metals,* and *Kana* present common questions of law and fact that should be consolidated.

All five cases appeal U.S. Customs and Border Protection's (CBP) final determination of evasion pursuant to the Enforce and Protect Act (EAPA) consolidated case number 7890.  *See Centric Pipe,* No. 25-182, Compl. ¶ 1; *LE Commodities,* No. 25-181, Compl. ¶ 1; *Kana,* No. 25-186, Compl. ¶ 1; *Trek Metals,* No. 25-183, Compl. ¶¶ 1-2, *Energy Pipe,* No. 25-184, Compl. ¶ 1. The determination addressed allegations of evasion of the antidumping and countervailing duty (AD/CVD) orders on certain Oil Country Tubular Goods (OCTG) from China.  *See, e.g., LE Commodities,* No. 25-181, Compl. ¶ 1.

Specifically, in January and February 2024, U.S. OCTG, a trade association of domestic producers of OCTG, submitted allegations that plaintiffs were importing Chinese-origin OCTG that was transshipped through Thailand, thereby evading the AD/CVD orders on OCTG from China.  *See, e.g., Centric Pipe,* No. 25-182, Compl. ¶ 9, *Trek Metals,* No. 25-183, Compl. ¶ 9. CBP undertook an investigation and ultimately determined that all five plaintiffs entered merchandise covered by AD/CVD orders A-570-943 and C-570-944 through evasion.

All five plaintiffs seek judicial review of CBP's determination.  At the heart of that determination are CBP's findings about two foreign producers, Petroleum Equipment (Thailand) Co., Ltd. (PET) and Thai Oil Pipe Co., Ltd. (TOP).  During the period of investigation plaintiffs imported OCTG produced by either PET or TOP in Thailand.  *See Centric Pipe,* No. 25-182, Compl. ¶ 19, *Kana,* No. 25-186, Compl. ¶¶ 18-21, *LE Commodities,* No. 25-181, Comp. ¶ 1, *Trek Metals,* No. 25-183, Compl. ¶ 14, *Energy Pipe,* No. 25-184, Compl. ¶ 9.  CBP determined

that both TOP and PET imported Chinese-origin OCTG that was covered by the scope of the AD/CVD orders. CBP also found that the merchandise was not subsequently transformed by TOP or PET's production in Thailand but remained Chinese-origin OCTG when it was imported to the United States by plaintiffs. Finally, CBP determined that *all* the OCTG these producers exported into the United States during the period of investigation was Chinese-origin by applying an inference that was adverse to both TOP and PET. CBP determined that this inference was warranted in light of false statements and fictitious records that these producers provided to CBP during the investigation.

Plaintiffs raise overlapping factual and legal challenges to CBP's EAPA determination, which makes consolidation appropriate. Plaintiffs' challenges all stem from either TOP or PET's conduct and CBP's determinations with respect to that conduct. For example, plaintiffs all allege that the Chinese-origin inputs used by TOP and PET were not all covered by the AD/CVD orders at issue. *See, e.g. Centric Pipe,* 25-182 Compl. ¶¶ 32, 34, *LE Commodities,* 25-181, Compl. ¶¶ 36, 37, *Trek Metals,* 25-183, Compl. ¶ 62. And as to the inputs that were covered by those orders, plaintiffs allege that the OCTG was substantially transformed by TOP or PET's production in Thailand such that they were no longer of Chinese-origin when imported to the United States. *See Centric Pipe,* 25-182 Compl. ¶ 36, *LE Commodities,* 25-181, Compl. ¶ 35. The record evidence implicated by these issues will be the same across these cases.

Plaintiffs also challenge CBP's decision to apply adverse inferences to TOP and PET, as well as the consequences to the importer from the application of adverse inferences. *See, e.g., Centric Pipe,* No. 25-182, Compl. ¶ 44, *LE Commodities,* No. 25-181, Compl. ¶¶ 58-65. The record evidence supporting the application of adverse inferences will be the same across all five cases. And whether "the consequences of [applying adverse] inference[s] may impact the

3

interest of a cooperating party" is a legal question that will also be addressed similarly across the cases. *See Energy Pipe,* No. 25-184, Compl. ¶¶ 40-41.

Finally, plaintiffs raise a common legal question concerning the degree of culpability that is required by importers to find evasion. Centric Pipe, Trek Metals, and Kana all allege that their exercise of "reasonable care" in concluding that OCTG was not subject to the AD/CVD orders shields them from EAPA liability. *See Centric Pipe,* 25-182, Compl. ¶ 42, *LE Commodities,* 25-181, Compl. ¶¶ 51; 56-7, *Kana,* No. 25-186, Compl. ¶¶ 37-9.

In short, common questions of fact and law predominate over individual determinations among the five cases. Consolidation will promote judicial and administrative efficiency for the parties and the Court. And because these cases have all been assigned to the same Judge, consolidation would not result in any increased administrative burden on the Court. Finally, consolidation in cases emanating from one agency decision simplifies the final judgment in the case by avoiding piecemeal decisions, remands, and effectuation of the judgments.

For these reasons, we respectfully request that the Court consolidate the above-captioned cases.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Deputy Director

4

/s/Margaret J. Jantzen
MARGARET J. JANTZEN
Senior Trial Counsel
U.S. Department of Justice
Civil Division
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-7994
Email: Margaret.j.jantzen@usdoj.gov

*Attorneys for Defendant*

November 20, 2025